UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N° 11-CV-634 (JFB)
_____

ANTHONY WARD,

Petitioner,

VERSUS

SHERIFF MICHAEL SPOSATO,

Respondent.

_____

MEMORANDUM AND ORDER
July 28, 2011
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Anthony Ward ("petitioner" or "Ward") brings this action pursuant to 28 U.S.C. § 2254, seeking his release from custody. For the reasons set forth below, with the consent of petitioner, the petition is dismissed without prejudice as premature.

I. BACKGROUND

In the instant petition, which petitioner filed *pro se* on February 3, 2011, Ward argues that he is being unlawfully detained and, as such, he seeks a writ of habeas corpus ordering his release. Specifically, petitioner raises four grounds for his release, namely: (1) "conviction obtained by the unconstitutional failure of the prosecution to disclose . . . evidence favorable to the petitioner as well as an unlawful search of phone" (Pet. at 6.), (2) "conviction obtain[ed] by a suggestive show-up which was unconstitutional" (Pet. at 7-8.), (3) "evidence produc[ed] at trial was insufficient to convict petitioner on charges" (Pet. at 9.) and, (4) "evidence obtain[ed] unlawfully from phone due to a defective search warrant." (Pet. at 10-11.)

After a jury trial, petitioner was convicted on October 6, 2010, in Nassau County Supreme Court, of Burglary in the First Degree; Petit Larceny; Assault in the Second Degree; and Resisting Arrest. (Pet. at 2.) On November 8, 2010, petitioner filed a motion to set aside his verdict, pursuant to N.Y. Crim. Proc. Law § 330. (Pet. 4-6, 8, 12.) At the time of the petition, petitioner's motion was pending before the court. (Pet. at 4-5.) Accordingly, petitioner had not yet been sentenced. (Pet. at 2, 4-5.)

By letter dated June 28, 2011, petitioner advised the Court that he informed his "trial and appellate lawyers" that he filed this action. (ECF No. 12.) In addition, petitioner stated "I hope that don't interfere with my direct appeal because I have not exhausted all of my state remedies if so I would like to waive my petition until I use all of my state remedies." The Court has carefully considered petitioner's submissions.[1]

## II. DISCUSSION

According to 28 U.S.C. § 2254, this Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Moreover, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the state."[2] 28 U.S.C. § 2254(b)(1)(A). Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida,* 549 U.S. 327, 333 (2007), petitioner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them. *See Daye v. Attorney Gen. of N.Y.,* 696 F.2d 186, 191 n. 3 (2d Cir. 1982) (en banc). Exhaustion of state remedies requires that a petitioner "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (quotation marks omitted) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)). However, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard,* 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state's highest court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also Duncan,* 513 U.S. at 365-66.

As an initial matter, the Court construes petitioner's June 28, 2011 letter as a motion to withdraw his petition. (ECF No. 12.) As noted *supra*, after petitioner advised the Court that he met with counsel regarding his direct appeal, petitioner then requested to "waive my petition until I use all of my state remedies." (*Id.*) In any event, even in the absence of petitioner's request to withdraw his petition, it is apparent from the face of the petition (Pet. at 4-6, 8, 12.) and petitioner's letter (ECF No. 12.) ("I would like to waive my petition until I use all of my state remedies."), that he has not fully exhausted his state court remedies. In fact,

---

[1] The Court granted respondent's request for an extension until August 10, 2011 to file his opposition and, thus, for the purposes of this Memorandum and Order, there are no submissions on behalf of respondent for the Court to consider.

[2] An exception to the exhaustion rule exists, if "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Here, there is no evidence that there is an absence of available state corrective process, nor is there any evidence that circumstances exist in state court that render such process ineffective to protect petitioner's rights. In fact, the purpose of petitioner's letter to the Court was to advise the Court that he is appealing his conviction and he doesn't want this action to interfere with that appeal. (ECF No. 12.)

it is unclear whether petitioner's motion to set aside the verdict has been decided or whether petitioner has been sentenced. (Pet. at 2, 4-6, 8, 12.) In other words, petitioner has not presented his federal constitutional claims to the highest state court. Therefore, because none of petitioner's claims have been exhausted, this Court, in its discretion, has determined that dismissal of the petition without prejudice is warranted, rather than a stay. *See Pollack v. Paterson*, 2011 WL 710605, at *6 (March 1, 2011 S.D.N.Y.) ("Because none of the claims in the Amended Petition have been exhausted, it cannot be characterized as mixed and is therefore ineligible for a stay-and-abeyance procedure. Instead, the Amended Petition should be dismissed without prejudice.") (citations omitted) (collecting cases). Accordingly, the petition is dismissed without prejudice as premature. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991) ("[The Supreme Court] has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

### III. CONCLUSION

For the foregoing reasons, the instant action under § 2254 is dismissed without prejudice to petitioner's right to file a future petition pursuant to § 2254 after he fully exhausts his state court remedies.[3] The Clerk of the Court is instructed to enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

_____
JOSEPH F. BIANCO
United States District Judge

Date: July 28, 2011
Central Islip, NY

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented on behalf of Kathleen M. Rice, District Attorney, Nassau County, by: Joanna R. Hershey, Esq., District Attorney's Office of Nassau County, 262 Old Country Road, Mineola, New York 11501.

---

[3] The Court notes that the dismissal of this petition will not unduly prejudice petitioner because, based upon the information set forth in his petition and his June 28, 2011 letter, it appears that he will have ample opportunity to file a timely § 2254 habeas petition setting forth his claims once he has exhausted his state-court remedies. *See Rhines v. Weber,* 544 U.S. 269, 276-78 (2005). Moreover, since his petition is being denied without prejudice for failure to exhaust state remedies, a future petition after exhaustion of such remedies would not be considered "second or successive." *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996).